**Russell R. JEPSON, Appellant,**

v.

**NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU and George E. Haggart, Inc., Appellees.**

**Civ. No. 870164CA.**

Court of Appeals of North Dakota.

Dec. 18, 1987.
Review Denied Feb. 1, 1988.

Ohnstad & Twichell, West Fargo, for appellant; argued by Ralph R. Erickson.

Dean J. Haas, Asst. Atty. Gen., North Dakota Workmen's Compensation Bureau, Bismarck, for appellees.

PER CURIAM.

Russell Jepson appeals from a district court judgment upholding a decision of the North Dakota Worker's[1] Compensation Bureau (the Bureau) to pay benefits to Jepson on a prorated basis for aggravation of a preexisting injury. We reverse and remand.

On September 23, 1983, while working as a general construction laborer for a firm in Fargo, Jepson fell from a scaffolding and dislocated his left shoulder. Jepson underwent surgery to repair the injured shoulder and thereafter filed a claim for worker's compensation benefits. The Bureau accepted liability in the case, paid Jepson's medical expenses, and agreed to pay benefits for a permanent partial impairment on a prorated basis on the ground that the September 1983 work-related injury aggravated a preexisting injury to Jepson's shoulder.

Jepson concedes that he dislocated his left shoulder in a 1980 accident in Minnesota. However, he contends that after a period of treatment and convalescence his shoulder healed and that at the time of the September 1983 accident he did not suffer from a preexisting condition of his left shoulder that would entitle the Bureau to prorate his benefits.

Regarding this litigation Jepson and the Bureau entered the following stipulation:

"That the Bureau will pay and the claimant will accept payment of the total of

---

1. In 1987 the North Dakota Legislature changed the name of the Workmen's Compensation Bu- reau to the Worker's Compensation Bureau (Sess. Laws 1987 Ch. 751).

ten percent (10%) permanent partial impairment due to loss of use of the left shoulder. The payment of the permanent partial impairment shall either be made in full or as an aggravation claim in accordance with the final decision of a court of competent jurisdiction."

The sole issue presented on appeal is whether Jepson is entitled to compensation—including disability benefits for loss of work, medical expense benefits, and benefits for permanent partial impairment—in full or on a prorated basis for aggravation of a preexisting injury.

Section 65–05–15, N.D.C.C., provides in relevant part:

"Compensation shall not be paid for any condition which existed prior to the happening of a compensable injury nor for any disability chargeable to such condition. In case of aggravation of a condition existing prior to a compensable injury ... compensation, medical or hospital expenses, or death benefits, shall be allowed by the bureau and paid from the fund only for such proportion of the disability, death benefits, or expense arising from the aggravation of such prior condition as reasonably may be attributable to such compensable injury."

The evidence indicates that on at least one prior occasion Jepson's left shoulder was dislocated prior to the September 1983 work-related accident. The Bureau determined that the history of one or more prior dislocations of the left shoulder constituted a preexisting condition justifying payment of benefits on a prorated basis under Section 65–05–15, N.D.C.C. We disagree.

■ Proration of benefits under Section 65–05–15, N.D.C.C., was discussed by the North Dakota Supreme Court in *Balliet v. North Dakota Workmen's Compensation Bureau*, 297 N.W.2d 791, 794 (N.D.1980):

"The Bureau has argued before the district court and in its brief to this court that 'condition' entails states of nonimpairment in addition to actual impairment or disability. We must agree with the district court that use of the word 'condition,' however else it alters the meaning of the pre–1977 law, does not allow the Bureau to prorate benefits in a case where the claimant had no previous impairment.

\*   \*   \*   \*   \*   \*

"To activate the statute, a preexisting condition has to be accompanied by an actual impairment or disability known in advance of the work-related injury."

Thus, under Section 65–05–15, N.D.C.C., proration of benefits based upon aggravation of a previous existing condition is appropriate only if the condition constituted permanent impairment. For the purposes of Title 65, N.D.C.C., the term permanent impairment means "the loss of or loss of use of a member of the body...." Section 65–01–02(17), N.D.C.C.

■ The record does not indicate that prior to the September 1983 accident the condition of Jepson's left shoulder constituted a permanent impairment of it so as to justify proration of benefits on an aggravation basis. With regard to that issue Dr. Charles R. Hartz, the orthopedic surgeon who operated on Jepson's shoulder following the September 1983 accident, testified by deposition that he had not seen any evidence to indicate that Jepson was suffering from a permanent impairment of a member prior to the 1983 accident.

We conclude that it was inappropriate, under the circumstances of this case, for the Bureau to prorate Jepson's benefits under Section 65–05–15, N.D.C.C., on the basis of aggravation of a preexisting condition. Therefore, the Bureau's decision was not in accordance with the law. Section 28–32–19(1), N.D.C.C. Accordingly, the judgment of the district court is reversed, and the case is remanded for entry of judgment awarding to Jepson compensation, including disability, impairment, and medical expense benefits, on a nonprorated basis.

REVERSED AND REMANDED.

VERNON R. PEDERSON, EUGENE A. BURDICK and DOUGLAS B. HEEN, Surrogate Judges, concur.